Honorable Mary Margaret Haugen State Senator P.O. Box 40482 Olympia, WA 98504-0482
Dear Senator Haugen:
By letter previously acknowledged, you have requested an opinion on the following questions:
 1. Do the requirements of chapter 58.17 RCW, relating to platting and subdivision, apply to land platted under chapter 58.08 RCW, before the enactment of chapter 58.17 RCW or its predecessor, chapter 58.16 RCW?
 2. Do the requirements of chapter 58.17 RCW apply to land platted or subdivided under chapter 58.16 RCW, before chapter 58.16 RCW was repealed and replaced by chapter 58.17 RCW?
 3. If the answer to either question 1 or question 2 is no, may a city or county nevertheless choose to treat a subdivision as valid, without requiring further process under chapter 58.17 RCW?
 BRIEF ANSWERS
For the reasons stated in the analysis below, we conclude, reaffirming AGLO 1974 No. 7, that land platted before enactment of the 1937 platting and subdivision act (chapter 58.16 RCW) is still subject to the requirements of current law (now chapter 58.17
RCW), at least to the extent that such land has not already been developed. There may be factual issues as to the extent to which land platted before 1937 has been sold into separate ownership to such an extent as to make the imposition of current subdivision law so inequitable or unjust that the courts would decline to apply current subdivision requirements to such land.
Since the 1937 platting and subdivision act, codified as chapter 58.16 RCW, was substantially similar in scope to the 1969 act (chapter 58.17 RCW) which now controls, plats and subdivisions approved under the 1937 act were not invalidated by the enactment of the 1969 act, unless inconsistent with statutory law.
Since land platted before 1937 under the territorial platting statute does not meet the requirements of current subdivision law, a county or city lacks authority to accept such plats without conducting at least some review under current law.
 ANALYSIS
Your questions are grounded in the history of platting and subdivision law. Before 1937, the only substantial procedural requirements for platting were found in a series of statutes now codified in chapter 58.08 RCW and dating (with some slight amendments) to an act of the 1857 Territorial Legislature. Laws of 1857, pp. 25-27; RRS aa 9288 et seq. Plats before 1937 were simply recorded in the recorder's office of the county in which the land lay. RCW 58.08.010. There was no requirement that plats be reviewed or approved by any government officer or body.
Beginning in 1937, the Legislature (without ever repealing the core of what is still chapter 58.08 RCW) added additional prerequisites to land subdivision and development. In chapter 186, Laws of 1937, the Legislature required that all plats and subdivisions comprising of five or more lots be submitted to the legislative or planning authority of the government having jurisdiction (city or town if within the corporate boundaries of such a government, county otherwise). The Legislature also required authorized counties, cities and towns to enact ordinances and regulations setting standards for plats and subdivisions within their respective jurisdictions. The county auditors and assessors were directed to refuse to accept for filing any plat, subdivision, or dedication not properly approved. Laws of 1937, ch. 186, a 1 (formerly codified as RCW 58.16.100).
The 1937 platting statute was in turn superseded with the enactment of a new platting of a subdivision code in 1969. Laws of 1969, Ex. Sess., ch. 271 (codified as chapter 58.17 RCW). The 1969 act follows the same general pattern as the 1937 act, in that counties, cities, and towns retain the authority and responsibility to review and approve plats and subdivisions within their respective jurisdictions, and to enact local laws governing such approvals. The 1969 law adopts a new set of definitions, is somewhat more specific in the matters covered, and alters local governments' powers in a number of details. The 1969 act specifically repealed and superseded the 1937 act (Laws of 1969, Ex. Sess., ch. 271, a 36). It amended the 1857 platting statute in one small respect (see Laws of 1969, Ex. Sess., ch. 271, a 34, amending RCW 58.08.040), but otherwise left chapter 58.08 RCW unchanged.
 QUESTION 1.
Do the requirements of chapter 58.17 RCW, relating to platting and subdivision, apply to land platted under chapter 58.08 RCW, before the enactment of chapter 58.17 RCW or its predecessor, chapter 58.16 RCW?
As you point out in your letter (supplemented by enclosures presenting the problem in more detail), a good deal of land around the state was platted before 1937, in the sense that plats had been filed with the county auditors striking land off into lots and showing their boundaries. In some cases, the land was never developed as platted or sold off in individual lots, so that it remains to this day in undeveloped parcels of varying sizes and patterns of ownership. Your first question is whether, if a property owner now wishes to develop such a parcel consisting of part or all of a pre-1937 plat, the owner must comply with the requirements of the current (1969) act, chapter 58.17 RCW.
As you note in your letter, we have already answered this question. In AGLO 1974 No. 7, we concluded that chapter 58.17 RCW and ordinances adopted pursuant to that chapter were fully applicable to a proposal to develop an old townsite, platted in about 1890 pursuant to what is now chapter 58.08 RCW, but, which was, in 1974, still open grazing land substantially in single ownership. We concluded that Okanogan County could fully apply its then current land use requirements to this old plat, including the requirement that the land be re-subdivided and new plats filed to meet current standards.
We have reviewed AGLO 1974 No. 7 and the authorities cited in it, and have read later cases and statutory material, and can find nothing that would change the well-reasoned conclusions reached in the 1974 opinion. Chapter 58.17 RCW remains essentially in its 1974 form, so there is no reason to reassess the legislative intent that the current law cover all "land" in the state. In a subsequent opinion, AGO 1980 No. 5, we impliedly followed the reasoning of AGLO 1974 No. 7 in concluding that the "resubdivision" of a lot platted under the 1937 act would be governed by the 1969 act. Although the platting laws have been construed a number of times by our courts in the past twenty years, none of the cases shed direct light on the subject of your question.
Accordingly, we conclude that AGLO 1974 was correctly decided and that its reasoning should be followed today. The reasoning was based on three points, all equally forceful now: (1) the 1969 act covered all "land" and was not limited to land not yet platted or subdivided as of its enactment; (2) the analogy of the zoning laws concerning "nonconforming uses" implies that the mere platting of land in the past gives rise to no vested "right" to future sale or subdivision free of later-imposed land use restrictions; and, (3) the 1969 platting act was enacted for a new and very different purpose than the old territorial platting acts. The third point is particularly persuasive, in that the 1857 platting statute was essentially an aid to land conveyancing, in that it allowed property owners to file maps and surveys and to refer to lot and block numbers instead of describing property by metes and bounds. This was a convenience to the parties and probably served, through mapping and surveying, to reduce boundary disputes, but was in no sense a "land use" law. By contrast, the 1969 statute specifically grants local governments a wide measure of control over the way land is subdivided, sold, and developed.
We add a caveat to the discussion. AGLO 1974 No. 7 concerned open-land, never developed and still owned by one party. In such a case, property owners can claim no serious prejudice if, before actually selling or developing such land, they are required to comply with the 1969 act and any ordinances and rules enacted under it. It is certain, however, that in addition to the undeveloped old plats considered in the 1974 opinion, there are plats in the state which have been sold off and developed, or partially so. Where a pre-1937 plat has long since been sold, and now contains houses, shops, and streets, it may well be impracticable to require that the land be replatted under a new ordinance passed since 1969. Since there is no way to anticipate and analyze all the factual variables, it would probably be prudent for any ordinance implementing chapter 58.17 RCW to clearly specify the extent to which it requires replatting of land platted under earlier laws, and to set up substantive standards and/or procedural options to handle the obstacles which may be encountered in dealing with partially sold/partially developed plats.
 QUESTION 2.
Do the requirements of chapter 58.17 RCW apply to land platted or subdivided under chapter 58.16 RCW, before chapter 58.16 RCW was repealed and replaced by chapter 58.17 RCW?
As you note in your letter, AGLO 1974 No. 7 did not reach this question. The reasoning of the 1974 opinion points to an answer, however. Whereas the 1969 platting act, like its 1937 predecessor, was intended to work "alongside" the old territorial platting laws, supplementing them with new and different requirements, the 1969 act explicitly repealed the 1937 act. A comparison of the 1937 and 1969 acts reveals that they are substantially similar, in that both go far beyond the mere recording of plats in requiring plat approval by the local jurisdiction in which the land is located and in authorizing local governments to enact ordinances and regulations concerning land use. Although slightly less comprehensive than its successor, the 1937 act was a true "land use" statute.
If that is the case, a parcel of land platted in, say, 1953, unlike a parcel platted in 1890, has a plat which has been reviewed and approved by a local government (a city, town, or county, depending on its location). In effect, it has a certification that the plat met the local land use standards that were in effect at the time of filing. Furthermore, RCW 58.17.900
provided that
 [a]ll ordinances and resolution enacted at a time prior to the passage of this chapter by the legislative bodies of cities, towns, and counties and which are in substantial compliance with the provisions of this chapter, shall be construed as valid and may be further amended to include new provisions and standards as are authorized in general law.
It is conceivable, then, that the standards applicable to a 1953 plat could still be applicable today, and the language cited specifically allows local governments to continue using their pre-1969 ordinances except when inconsistent with the new statute.
Therefore, we conclude that land platted under the 1937 act is not automatically subject to replatting or additional requirements due to the passage of the 1969 act, unless the original platting was inconsistent with the 1969 act itself. Local governments may, at their option, accept plats filed under the 1937 act unless, again, those plats are inconsistent with state statutory requirements.
However, we do not believe local governments are obligated to accept 1937-era plats, or precluded from enacting new requirements covering such land. That seems clear from the language in RCW58.17.900 authorizing the amendment of pre-1969 ordinances, as well as the general pattern of both the 1937 and 1969 acts, which allow local governments to change their land use policies and amend or replace their subdivision ordinances from time-to-time. For reasons similar to those discussed above in answer to your first question, we will not attempt to define just how far a city or county could go in requiring the repeated replatting of previously platted land. The extent to which land has actually been sold and developed under the earlier platting requirements would, again, be an important factor.
 QUESTION 3.
If the answer to either question 1 or question 2 is no, may a city or county nevertheless choose to treat a subdivision as valid, without requiring further process under chapter 58.17 RCW?
We have already answered this question with respect to land platted under the 1937 act — the subject of question 2, by concluding that, except where the original plat process is inconsistent with current statutory standards, a city or county may, at its option, continue to honor a plat processed under chapter 58.16 RCW, the 1937 act.
By contrast, however, we think the opposite answer is dictated as to land platted before 1937, by the reasoning of AGLO 1974 No. 7 as reaffirmed above in the discussion of your first question. Plats recorded before 1937 have never borne the scrutiny of any city or county, and have never been evaluated for their consistency with any land use policies.
To accept such plats and allow their development without any review for consistency with current land use regulations would result in non-uniform application of the current laws. It may well be, however, that counties and cities would wish to adopt an alternate procedure for reviewing such plats, since they have already been recorded with the county auditor, and in some cases have been partially or fully developed.
We trust the foregoing will be useful to you.
Very truly yours, CHRISTINE O. GREGOIRE Attorney General
JAMES K. PHARRIS Senior Assistant Attorney General